# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**TANCREDO MARTE,**

  Petitioner,

 v.

**UNITED STATES OF AMERICA,**

  Respondent.

(Civ. No. 13-6265) (WJM)
(Crim. No. 12-246) (WJM)

Hon. William J. Martini

**OPINION**

  This matter comes before the Court on *pro se* Petitioner Tancredo Marte's motion for post-conviction relief pursuant to 28 U.S.C. § 2255. There was no oral argument. For the reasons stated below, the petition is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

### I. BACKGROUND

  On August 10, 2011, a Confidential Source ("CS") made arrangements with Marte to purchase approximately one kilogram of heroin for $63,000. The CS, who was wearing a concealed body wire, subsequently went to Marte's apartment in Paterson, New Jersey, where he met with Marte and further discussed the heroin transaction. During those discussions, Marte told the CS that he wanted to see and count the purchase money before he would provide the heroin to the CS. The CS countered and told Marte that he wanted to see the heroin first. Marte then made a telephone call, after which he told the CS that the heroin would arrive at the apartment shortly.

  Shortly thereafter, law enforcement officers who were conducting surveillance outside of Marte's apartment observed Antonio Rodriquez arrive at and enter Marte's apartment. Rodriguez entered the apartment with approximately one kilogram of heroin tucked in his waistband. The heroin was then spread out across a table located inside Marte's apartment so that the CS could inspect it. After inspecting the heroin, the CS exited Marte's residence under the guise that he was going to retrieve the purchase money. Law enforcement officers then approached and entered Marte's apartment and arrested Marte and Rodriquez. Marte's son, Jose

1

Marte, was also arrested.  Law enforcement officers recovered a loaded 9mm Smith & Wesson handgun in Marte's bedroom.

On August 11, 2011, the Government charged Marte, Rodriquez, and Jose Marte in a federal criminal Complaint with two criminal counts: (1) conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin; and (2) possessing a firearm in furtherance of a drug trafficking crime.

Following his arrest, Marte participated in proffer sessions with law enforcement officials.  During one of those sessions, he admitted his role in the heroin conspiracy.  Then, on April 11, 2012, Marte pleaded guilty before this Court to an Information that charged him with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin.  Under the terms of the plea agreement entered into by the parties, Marte agreed to waive his right to file any appeal, any collateral attack, or any other write or motion, including but not limited to any motion under Section 2255, if he received a sentence within or below the Guideline range that corresponded to a Guideline Offense Level of 29.  At sentencing this Court determined, and the parties agreed, that Marte's Guideline Offense Level was 29.  This Court next considered and granted the Government's 5K1.1 motion and reduced Marte's Guideline Offense Level to 21.  The Court then sentenced Marte to 38 months' imprisonment, to be followed by a 4-year period of supervised release.

Proceeding *pro se*, Marte now files the instant motion to vacate, set aside, or correct his sentence pursuant to Section 2255.  He alleges that his attorney was ineffective for failing to file an appeal regarding his sentence.

## II.  DISCUSSION

### A.  Standard of Review Under § 2255

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  While a court may convene a hearing regarding a Section 2255 motion, a hearing is not required where "the files and records of the case conclusively show that the prisoner is entitled to no relief."  *United States v. Padilla–Castro*, 426 Fed. App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord United States v. Day,* 969 F.2d 39, 41-42 (3d Cir. 1992).

### B. Ineffective Assistance of Counsel

Martes argues that he is entitled to relief under Section 2255 because he received ineffective assistance of counsel in violation of the Sixth Amendment. Marte contends that his defense counsel provided ineffective assistance by failing to appeal his sentence. Specifically, Marte argues that his counsel should have filed an appeal on the grounds that he was "coerced" by the CS to engage in the heroin transaction and thus should have received a variance for a minor or minimal role at sentencing.

To demonstrate ineffective assistance of counsel, Marte must satisfy the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Marte must show that his attorney's representation was not "within the range of competence demanded of attorneys in criminal cases." *Id.* Second, the Marte must show "prejudice." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Strickland*, 466 U.S. at 687. In the context of sentencing, the prejudice prong is satisfied "when a deficiency by counsel resulted in specific, demonstrable enhancement in sentencing – such as an automatic increase for a 'career' offender or an enhancement for use of a handgun during a felony – which would not have occurred but for counsel's error." *United States v. Otero*, 502 F.3d 331, 337 (3d Cir. 2007). Marte must satisfy both prongs of *Strickland's* two-part test to be entitled to relief. *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001).

Marte fails to satisfy either prong of the *Strickland* test. First, in his plea agreement, Marte agreed not to seek a downward departure from the applicable guideline sentencing range.[1] And he has not indicated any desire to withdraw his plea. His counsel's failure to make an argument that was precluded by the plea agreement does not constitute ineffective assistance of counsel. *See United States v. Ortiz*, 6 F. App'x 46, 48 (1st Cir. 2001) (holding that an attorney's failure to file a downward departure motion in breach of the plea agreement "could scarcely constitute ineffective assistance of counsel" where the defendant had not indicated a desire to withdraw his plea).

---

[1] Marte's plea agreement contains the following stipulation:

> The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

Answer to Pet'r's Mot. ("Answer") Ex. A, at p. 7, ECF No. 7.

Second, nothing in the record indicates that, but for his counsel's performance, Marte would have prevailed on his application for a minimal role or minor role or adjustment. As an initial matter, Marte's application does not set forth any facts that tend to show he should be treated as a minimal or minor participant in the heroin transaction at issue. In his application, Marte argues that his role should be viewed as minor or minimal, because he was coerced into participating in the heroin transaction. Pet'r's Mot. 5, ECF No. 1. In support of this argument, he states that "the cooperating witness insisted for more than 4 months putting pressure on me to find him some body [sic] that could sell him drugs." *Id.* However, this does not amount to coercion. Marte's application lacks any indication that he was forced, intimidated, threatened, or ordered by someone in a position of authority over him to commit the instant crime.

Additionally, Marte's admissions at his plea hearing undercut any assertion that he was coerced to participate in the instant crime or that he played a minimal or minor role therein. During that hearing, he stated that his motivation to participate in the heroin transaction was financial in nature. Answer Ex. C, at p. 13. This financial motive is also evident in the undisputed factual findings in the Presentence Investigation Report ("PSR"), which were adopted by this Court. The PSR noted that the offense involved close to a kilogram of heroin. It also noted that Marte negotiated with the cooperating witness concerning the cost of the heroin and the timing of that payment and consummated the transaction in his own apartment. Further, Marte was armed at the time of the transaction, which would have significantly reduced the CS's ability to coerce him. Accordingly, Marte fails to satisfy either prong of the *Strickland* test, and the Court will deny his Section 2255 motion.

### C. Certificate of Appealability

No certificate of appealability will issue because Marte has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(1)(B).[2]

## III. CONCLUSION

For the above reasons, Marte's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED WITH PREJUDICE**. An appropriate order follows.

---

[2] Additionally, a hearing is not required in this case because "the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Padilla-Castro*, 426 Fed. App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b))

                                                                    /s/ William J. Martini
                                                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date:  May 28, 2015**